24166

In the Matter of Michael J. THOMPSON, Respondent.

(451 S.E. (2d) 380)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. James G. Bogle,* and *Charles H. Richardson,* Columbia, *for complainant.*

*Michael J. Thompson, pro se.*

Submitted Oct. 12, 1994.

Decided Nov. 28, 1994.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to disbarment pursuant to Paragraph 27 of the Rules on Disciplinary Procedure, Rule 413, SCACR. We accept respondent's admission and disbar him.

By order dated October 11, 1994, respondent was temporarily suspended from the practice of law. Respondent now admits all the allegations submitted in the Complaint before the Board of Commissioners on Grievances and Discipline. The facts are as follows:

### The Andrena Martin Matter

Andrena Martin retained respondent to represent her in litigation resulting from an automobile accident. Respondent was to retain one-third of any settlement reached. The case was settled for $9,500.00, plus medical expenses. The settlement proceeds were placed in respondent's trust account and Ms. Martin received a check for $3,000.00. When Ms. Martin, as a member of the U.S. Army, had to leave for Saudi Arabia, she gave a power of attorney to her parents. Respondent issued a check for $3,000.00 from his trust account to Ms. Martin's father. The check was dishonored for insufficient funds. Respondent later exchanged the check with Ms. Martin's father for cash.

## The Delores Bennett Matter

Respondent was retained by Delores Bennett to handle a postconviction relief matter for her son. Respondent was paid $2,500.00 as a retainer. The postconviction application was filed and is still pending. However, respondent failed to comply with all requests for information by Ms. Bennett and did not timely return telephone calls. Respondent also failed to appear for scheduled meetings with Ms. Bennett. Ms. Bennett relieved respondent as counsel for her son and respondent agreed to return the $2,500.00.

Ms. Bennett made several trips to Columbia to collect the $2,500.00. Respondent eventually gave Ms. Bennett two post-dated checks. Pursuant to respondent's request, Ms. Bennett held both checks until specified dates and then deposited them. She was subsequently informed that the two checks had been returned because respondent's bank account had been closed.

## The NationsBank Account

Respondent opened an account with NationsBank on March 16, 1994, by depositing $625.00. This was the only deposit made between March 16, 1994 and June 17, 1994. About two days after the checking account was opened, respondent issued a check made payable to himself in the amount of $600.00, leaving a balance of $25.00. Respondent continued to issue checks on this account, to include the two checks issued to Ms. Bennett. By June 3, 1994, the account was overdrawn by $584.85. On June 17, 1994, the account was closed due to excessive overdrafts and/or insufficient fund checks being written from the account.

## Failure To Pay Fees And Practicing Law While Not A Member Of Good Standing Of The South Carolina Bar

Respondent failed to pay a $265.00 fee for a South Carolina Bar Continuing Legal Education (CLE) Seminar which he attended on February 4, 1992. In November, 1992, respondent was informed by letter of the outstanding balance. Respondent failed to remit a check for the outstanding CLE fees, but paid his annual South Carolina Bar (Bar) license fee. Thereafter, the check for the license fee was returned to respondent with a request that he satisfy the amount owed for the outstanding CLE fees before the license fee could be accepted.

By letter dated February 4, 1993, respondent was advised that the Bar had not received payment for respondent's 1993 license fee. Respondent's membership in the Bar was then terminated for nonpayment of the license fee. Under Rule 410(d), SCACR, a person who is not a member of good standing of the South Carolina Bar shall not engage in the practice of law in this State. Respondent, however, continued to practice law and made an appearance before the family court on March 10, 1993. On March 12, 1993, respondent was reinstated following payment of all outstanding fees.

On March 21, 1994, respondent's membership in the South Carolina Bar was again terminated for the nonpayment of respondent's 1994 license fee and client security fund assessment. He was reinstated on March 29, 1994 following payment.

*The Perlie Ingram Matter*

In 1984, Mr. Perlie Ingram retained respondent to represent him in several legal matters. When Mr. Ingram learned of the Andrena Martin matter referenced above, Mr. Ingram threatened to disclose the misconduct. Respondent agreed to pay Mr. Ingram $25,000.00 to prevent him from notifying the Board of Commissioners on Grievances and Discipline of the Andrena Martin matter.

*The David Bryan Keisler Matter*

David Bryan Keisler retained respondent to represent him regarding an automobile accident. The parties agreed that respondent would retain one-third of any settlement reached. Letters of protection were sent to medical car providers for outstanding medical bills exceeding $13,000.00.

When a settlement for $15,000.00 was reached with the defendant's insurance company, the Horace Mann Insurance Company, Mr. Keisler received $10,000.00 while respondent retained $5,000.00. In addition, Mr. Keisler's insurance company, the Farm Bureau Insurance Company, provided $27,000.00 because the defendant was underinsured. Mr. Keisler received $9,124.39 from this amount while respondent retained the remainder as his fee and to make payments to medical car providers. However, Mr. Keisler has continued to receive correspondence from medical car providers and a credit reporting service requesting payment. Mr. Keisler has

repeatedly contacted respondent's office, but respondent has not responded nor has he paid the medical care providers.

### The Richard Berger Matter

Mr. Berger retained respondent to represent him regarding an automobile accident. Upon leaving for Alaska, Mr. Berger provided respondent with a power of attorney. Respondent failed to timely respond to inquiries from Mr. Berger concerning the status of his case.

Without Mr. Berger's knowledge or consent, respondent settled his case and received an insurance settlement of $6,500.00. Respondent has not provided Mr. Berger with any of the proceeds and Mr. Berger learned of the settlement only through his own efforts in contacting the insurance company.

Respondent also received $650.00 to initiate a bankruptcy proceeding on behalf of Mr. Berger. Respondent failed to take any action concerning the matter and failed to respond to Mr. Berger's inquiries.

### The Walter Jones Matter

Mr. Jones retained respondent to represent his wife in a postconviction relief matter. Mr. Jones made a payment of $7,430.00 on June 24, 1992, and $1,070.00 on April 8, 1993. Respondent has not taken any action on the matter.

### The Verlie Wymer Matter

Ms. Wymer retained respondent to foreclose a mortgage on property that she had previously sold to her daughter, Margaret Ann Davis, and her daughter's former husband. Ms. Davis owed Ms. Wymer $2,700.00 for the property and money advanced for a well and septic tank. Respondent filed a notice of pendency of action on June 8, 1989, but no foreclosure was ever commenced.

On June 25, 1990, Ms. Davis entered into a contract with Mr. Roy C. Faust to sell the property. A check for $1,000.00, which represented the amount calculated as the payoff due on the mortgage, was delivered to respondent's office. The check was never cashed.

In 1991, Ms. Davis commenced an action to obtain satisfaction of the mortgage. Respondent represented Ms. Wymer, who defaulted in the action. Pursuant to an order dated February 15, 1992, the clerk of court was directed to satisfy the

mortgage and Ms. Wymer was ordered to pay $175.98 to Ms. Davis as damages.

On July 31, 1991, respondent initiated an action on behalf of Ms. Wymer against Ms. Davis. Prior to a hearing on August 24, 1992, the judge in that case was advised that a settlement had been reached between Ms. Davis and Ms. Wymer, and that an Order would be submitted to him by respondent. Respondent was repeatedly contacted by Ms. Davis' attorney during the Fall of 1992 concerning the status of the order, but received no response. The Order still has not been submitted and Ms. Wymer has not received the proceeds of the settlement. Ms. Wymer has also had difficulty in contacting respondent.

### Failure to Cooperate

On March 25, 1994, August 9, 1994, and August 12, 1994, the Chairman of the Board of Commissioners on Grievances and Discipline (Board) wrote to respondent regarding inquiries from Mr. Walter Jones, Mr. Jerry Hendrix, and Ms. Lisa Brown-Alston, and requested that respondent respond within 10 days. Respondent failed to respond and the Board Chairman again wrote to respondent, but to no avail.

### Conclusion

Respondent has violated several Rules of Professional Conduct contained in Rule 407, SCACR. In particular, respondent has violated Rule 8.4(d) by engaging in conduct involving fraud, dishonesty, deceit, and misrepresentation. Respondent has violated Rule 1.1 by engaging in conduct which demonstrates unfitness to practice law. In failing to act with reasonable diligence and promptness in representing his clients, respondent has violated Rule 1.3. Moreover, respondent has violated Rule 1.4(a) by failing to keep his clients reasonably informed about the status of their cases and promptly complying with requests for information. Rule 8.1 has been violated by respondent's failure to provide information to the Board. In addition, respondent has violated Rule 1.15 by misappropriating and failing to safely maintain funds of his clients. Respondent has also violated Rule 1.15 in that he has failed to deliver funds to third persons or clients. Respondent has violated Rule 413(5)(D), SCACR, by engaging in conduct which brings the legal profession into disrepute. Further, respon-

dent has violated Rule 410, SCACR, by practicing law in this State while not a member of good standing of the South Carolina Bar.

Finally, respondent has engaged in misconduct by offering to pay money to a party in an attempt to persuade that party from disclosing possible ethical violations committed by respondent. This conduct violated Rule 8.4(e) in that it was prejudicial to the administration of justice.

It is therefore ordered that respondent shall be disbarred from the practice of law in this State. Disbarment shall be retroactive to October 11, 1994, the date on which respondent was temporarily suspended from the practice of law. In addition to the requirements of Paragraph 37 and 38, Rule 413, SCACR, no petition for reinstatement shall be accepted until respondent has filed proof that he has made restitution to all clients and third parties involved herein and to the Clients' Security Fund of the South Carolina Bar for any payments it may make based on respondent's misconduct. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of filing of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Disbarred.